UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LOUIS P. COTE, INC., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. 16-cv-10862-ADB |
| DSA ENCORE, LLC | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

October 28, 2016

BURROUGHS, D.J.

This case involves the alleged failure of DSA Encore, LLC ("Defendant") to pay for services Louis P. Cote, Inc. ("Plaintiff") rendered in accordance with a contract between the parties. On May 11, 2016, Plaintiff filed the Complaint in this case. [ECF No. 1]. On August 15, 2016, a summons and complaint were served on Defendant at 50 Pocono Road, Brookfield, CT 06804. [ECF No. 4]. Defendant has failed to plead or otherwise defend in this action and a default has been entered. [ECF No. 6]. Plaintiff has now moved for default judgment, requesting $78,745.17 in damages. [ECF No. 9].

The entry of default "constitutes an admission of all facts well-pleaded in the complaint." Vazquez-Baldonado v. Domenech, 792 F. Supp. 2d 218, 221 (D.P.R. 2011) (quoting Fed. R. Civ. P. 55(b)) (internal quotations and citations omitted). Because Defendant has defaulted in this case, it is "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002). On a motion for a default judgment, however, it is appropriate to independently

"examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002); see also Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (noting that even when a defendant defaults, before the court enters default judgment, it is "required to determine whether the . . . allegations establish [the defendant's] liability as a matter of law"). Assuming that the facts alleged state a viable cause of action, the defendant's liability will be established.

In its Complaint, the Plaintiff alleges as follows. On or about September 18, 2015, Defendant entered into a Credit Agreement with Plaintiff that included a provision providing for interest at 2% per month on delinquent accounts. Compl. ¶¶ 3, 4. Defendant contracted with Plaintiff to (1) dismantle, rig, and transport certain large generators and appurtenant equipment (the "equipment") from Salem, Massachusetts to Marlborough, Massachusetts, Compl. ¶ 5; (2) dismantle certain cooling towers in Salem, Massachusetts and to load them onto trucks supplied by Defendant, Compl. ¶ 7; and (3) remove certain heat exchangers and load them into dumpsters supplied by Defendant, Compl. ¶ 8. Plaintiff alleges that it obtained all the necessary permits, dismantled the equipment, rigged it, loaded it, and transported it from Salem to Marlborough, Compl. ¶ 6, seemingly in performance of the services described in Paragraph 5 of the Complaint. Plaintiff does not explicitly and separately allege that it performed the services described in Paragraphs 7 or 8; however, it does allege that the "total price for the materials, labor and transportation of the equipment and the materials and labor associate [sic] with dismantling the cooling towers and loading the dismantled cooling towers onto trucks supplied by DSA, and removing the heat exchangers and loading the heat exchangers into dumpsters supplied by DSA was" $78,318.00. Compl. ¶ 9. The Plaintiff then alleges that the Defendant "failed and refused to

pay Cote for the services *rendered*." Compl. ¶ 10 (emphasis added). After adding interest, other finance charges, and subtracting Defendant's one-time, partial payment on February 16, 2016, Defendant owed Plaintiff $78,745.17 at the time the Complaint was filed. Compl. ¶ 13. Plaintiff further alleges that the parties agreed to a payment plan of $5,000 per week that Defendant ultimately failed to meet. Compl. ¶ 27–30.

Plaintiff, in its Complaint, alleges four causes of action: breach of contract, quantum meruit, fraud and deceit, and a violation of M.G.L. c. 93A, §§ 2, 11. There is no information regarding whether any contract between the parties contained a choice-of-law provision, and thus this Court applies the choice of law analysis of the forum state. See Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 5 (1st Cir. 2004). "Massachusetts state courts apply 'a functional choice of law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole.'" Id. Given that at least the bulk of the contracted for services took place in Massachusetts, the Court applies Massachusetts law. Plaintiff has adequately pled breach of contract. Apart from one payment made in February 2016, Defendant has not made any payments towards the amount it owes Plaintiff for the services Plaintiff allegedly contracted for with the Defendant, and that Plaintiff ultimately rendered. To the extent Plaintiff's argument for quantum meruit is based on unjust enrichment, it is not available where there is an adequately-pled breach of contract claim. See Santagate v. Tower, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005) ("An equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law."); see also In re: Lupron Mktg. & Sales Practices Litig., 295 F.Supp.2d 148, 182 (D. Mass. 2003) ("Where a contract . . . govern[s] the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies."). Accordingly, Count II of the Complaint is dismissed without prejudice.

While Plaintiff's motion for default judgment does not specify what counts Plaintiff moves for default judgment on, Plaintiff appears to request damages equal only to the outstanding balance on Defendant's account. [ECF No. 9, 9-3]. Accordingly, the Court interprets the motion for default judgment as requesting judgment only on the first count for breach of contract (Count I). Even if the Court were to assume that Plaintiff moves for default judgment on all counts, Plaintiff has not adequately alleged Defendant's liability as a matter of law on the remaining counts. A simple breach of contract, without more, does not establish a Chapter 93A violation. Monotype Imaging Inc. v. Deluxe Corp., 883 F. Supp. 2d 317, 323 (D. Mass. 2012) (citing Madan v. Royal Indem. Co., 532 N.E.2d 1214 (Mass. App. Ct. 1989)). There must be a showing of bad faith, and here, Plaintiff has not made sufficient factual allegations to infer bad faith on the Defendant's part. See id. Finally, to establish fraud and deceit, Plaintiff must adequately allege that Defendant made "a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." Learning Express, Inc. v. Ray-Matt Enterprises, Inc., 74 F. Supp. 2d 79, 84–85 (D. Mass. 1999) (quoting Slaney v. Westwood Auto, Inc., 322 N.E. 2d 768, 779 (Mass. 1975). Plaintiff has made insufficient factual allegations to infer fraud and deceit. Accordingly, Counts III and IV of the Complaint are dismissed without prejudice.

With regard to damages, Fed. R. Civ. P. 55(b)(2) provides that the court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." A hearing, however, is not necessarily required, particularly where the facts alleged in the pleadings, together with affidavits submitted by the

moving party, establish the amount of the default judgment. See In re The Home Restaurants, Inc., 285 F.3d at 114 (holding that district court did not abuse its discretion by entering default judgment without first holding evidentiary hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

As alleged in the Complaint, Plaintiff expended $78,318.00 total on materials, labor, and transportation in connection with contracts that Defendant entered into with Plaintiff. Compl. ¶¶ 5–9. Interest and other finance charges in the amount of $5,452.67 accrued on Defendant's account, Compl. ¶ 11, resulting in a total balance of $83,770.67, Compl. ¶ 12. Defendant made one payment to Plaintiff in the amount of $5,025.50, resulting in an outstanding balance of $78,745.17 at the time this suit was filed. Compl. ¶ 13. John Cote, President of Louis P. Cote, Inc., represents that, upon review of the records and books of Louis P. Cote with respect to Defendant's account, Defendant owes, including interest to date, $89,032.54. Affidavit of John Cote [ECF No. 9-2 at ¶ 4]. Plaintiff's counsel represents that, to date, the costs incurred have been $501.00. Affidavit of Counsel [ECF No. 9-1 at ¶¶ 9, 13]. Plaintiff requests $78,745.17, which equals the outstanding balance without interest consistent with the Complaint and Affidavit of John Cote, plus costs and 0% prejudgment interest. Proposed Judgment [ECF No. 9-3].

Accordingly, Plaintiff's motion for default judgment [ECF No. 9] is GRANTED on Count I of the Complaint. The remainder of the motion for default judgment is DENIED to the extent that it requests default judgment on Counts II–IV, and the Court DISMISSES Counts II–IV without prejudice. Upon application of Louis P. Cote, Inc. and affidavits demonstrating that

Defendant DSA Encore, LLC is not an infant or incompetent person, Defendant is liable to Plaintiff for damages under Count I as set forth herein,

It is hereby ordered, adjudged, and decreed that PLAINTIFF LOUIS P. COTE, INC. recover from DEFENDANT DSA ENCORE, LLC damages in the amount of $78,745.17, plus costs in the amount of $501.00. The total amount of the judgment is $79,246.17, with post-judgment interest as provided by law.

**SO ORDERED.**

Dated: October 28, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

Note:  The post-judgment interest rate effective this date is 0.66%.